UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KAMILES CREWS-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-01367-VEH-SGC |
| | ) |
| LIEUTENANT D. JOHNSON, et al., | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT & RECOMMENDATION**

This cause is before the undersigned on the *pro se* plaintiff's motions for preliminary injunction. (Docs. 22, 28). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The plaintiff seeks a preliminary injunction directing the defendants to separate him from an inmate identified as "Ralph," who the plaintiff alleges assaulted him in June 2016. (Doc. 22 at 2). The plaintiff further seeks a preliminary injunction directing the defendants to transfer him to another facility and to refrain from retaliating against him. (Doc. 28 at 3-4). As explained below, the undersigned concludes the plaintiff's motions for preliminary injunction are due to be denied.

On January 23, 2017, the plaintiff filed a second amended complaint, alleging Warden Bolling, Lieutenant D. Johnson, Captain Baldwin, Correctional Officer R. Smith, and Correctional Officer Mason failed to protect him from assault in June

2016 by Ralph and another inmate named "Aneek." (Doc. 21). The plaintiff further alleges Lieutenant Johnson conspired to have the inmates assault him. (*Id*. at 5-6).

On December 7, 2016, the plaintiff was reassigned to disciplinary segregation. (Doc. 22 at 1). While the plaintiff was in segregation, he alleges Ralph was moved to V-Unit. (*Id*. at 1-2). The plaintiff was released from disciplinary segregation on March 7, 2017, and reassigned to V-Unit, Cell 18, which the plaintiff claims is "just a couple of cells away from Ralph." (*Id*. at 2). The plaintiff argues it is a violation of administrative regulations to place him in the same unit as a known enemy. (*Id*.). The plaintiff requests that the court enter an order directing prison officials to separate the plaintiff and Ralph. (*Id*.).

On May 1, 2017, the undersigned ordered supervisory defendants Bolling, Baldwin, and Johnson to respond to the plaintiff's motion for preliminary injunction. (Doc. 25). On June 6, 2017, the defendants filed a response. (Doc. 30). In his affidavit, Warden Bolling states that on June 3, 2016, Correctional Officer Robert Williams reported to Sergeant Bradford that the plaintiff appeared to have been assaulted. (Doc. 30-1 at 1). Bolling avers prison officials notified Investigator Charles Hedrick of the Alabama Department of Corrections Investigations & Intelligence Division. (*Id*.). Bolling claims Warden Pickens interviewed the inmates involved, but officials could not substantiate the plaintiff's allegations that Lieutenant

Johnson instructed the inmates to assault the plaintiff. (*Id*. at 1-2). The defendants contend Ralph's full name is Raphael Landum. (Doc. 30 at 3). Defendants Bolling, Baldwin, and Johnson aver Landrum and the plaintiff have not been validated as enemies but, nevertheless, have never been assigned to the same unit block at the same time. (Doc. 30-1 at 1-2; Doc. 30-2 at 2-3; Doc. 30-3 at 2-3).

On May 22, 2017, the plaintiff filed a second motion for preliminary injunction. (Doc. 28). The plaintiff alleges Correctional Officer Grooce, who has since retired, stated, "'[w]e are going to get you,'" and warned the plaintiff on November 21 and 23, 2016, that he was not safe in population. (*Id.* at 2, 3). The plaintiff further claims that on May 11, 2017, Correctional Officer Mason threatened him. (*Id*. at 2). Specifically, the plaintiff alleges Mason told him he was "[j]ust the man I need to see[.] You ain't safe back there[;] I'll take off on you." (*Id*. at 2). The plaintiff alleges Mason had his fist raised as if he would hit the plaintiff. (*Id*.). The plaintiff: (1) contends additional officers are now involved in a conspiracy to cover up the June 2016 assault; (2) states that he is in danger; (3) requests transfer to another facility; and (4) seeks an order prohibiting the defendants from retaliating against him. (*Id*. at 2, 4). On June 26, 2017, the plaintiff replied to the defendants' response to the motion for preliminary injunction; the reply maintains the plaintiff and Ralph were assigned to the same unit when he filed the motion for preliminary

injunction in March 2017. (Doc. 31 at 2).

After thorough consideration of the record, the undersigned concludes the plaintiff has not demonstrated that he is entitled to a preliminary injunction. "A party seeking a preliminary injunction bears the burden of establishing entitlement to relief." *Scott v. Roberts*, 612 F.3d 1279, 1290 (11th Cir. 2010). "[T]he moving party must show: (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable injury unless the injunction is issued; (3) that the threatened injury outweighs possible harm that the injunction may cause the opposing party; and (4) that the injunction would not disserve the public interest." *GeorgiaCarry.Org., Inc. v. U.S. Army Corps of Engineers*, 788 F.3d 1318, 1322 (11th Cir. 2015) (citing *Burk v. Augusta-Richmond Cnty.*, 365 F.3d 1247, 1262-63 (11th Cir. 2004)). "A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." *Id*. (alteration incorporated) (quoting *Suntrust Bank v. Houghton Mifflin Co.*, 252 F.3d 1165, 1166 (11th Cir. 2001)).

The plaintiff has not demonstrated exceptional circumstances that might warrant a preliminary injunction. It appears from the defendants' response that prison officials have investigated the plaintiff's claims that he was assaulted in June 2016 and were, therefore, responsive to the plaintiff's allegations concerning the assault.

Although the defendants claim the plaintiff has never been assigned to the same unit as Landrum at the same time, the plaintiff maintains that he was assigned to cell V-18 and Landrum was assigned to cell V-23 when he filed his first motion for preliminary injunction in March 2017. Accepting as true the plaintiff's assertion that he and Landrum were assigned to the same unit in March 2017, the plaintiff does not allege that he is currently assigned to the same unit as Landrum and that Landrum poses an immediate threat of harm. Indeed, the undersigned notes the plaintiff's motions for preliminary injunction do not allege any contact with Landrum or that Landrum has threatened him in any way since the assault in June 2016. Therefore, the plaintiff is not entitled to an order directing the defendants to separate him from Landrum.

The plaintiff claims that in November 2016, Officer Grooce told him he was not safe in general population. (Doc. 28 at 3). However, Grooce's alleged remarks occurred over six months ago, and the plaintiff does not allege he has been subjected to any harm since then. Indeed, a plaintiff may seek injunctive relief only if the threat to him is "a real and immediate–as opposed to a merely conjectural or hypothetical–threat of *future* injury." *See Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (quotation marks and citation omitted) (emphasis in original).

While the plaintiff's assertion that Officer Mason threatened him on May 11, 2017, occurred more recently, courts have long recognized that verbal abuse and

5

threats do not alone state a constitutional claim, no matter how distressing they may be to the inmate. *Hernandez v. Florida Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008) (citing *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)). Although no cause for commendation, Mason's alleged threat does not demonstrate the plaintiff is under *imminent* and *substantial* threat of injury. *See Mackler v. Chapman*, No. 11-045, 2011 WL 9521094 at *8 (M.D. Ga. May 11, 2011) ("As a general rule, allegations of mere threatening language and gestures in the prison setting do not state a claim of federal constitutional dimension."). Furthermore, the fact that the plaintiff may have suffered injury from a defendant in the past does not, alone, demonstrate that he is presently under the threat of real and immediate harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ("[P]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)). Neither is the plaintiff entitled to an order directing the defendants to transfer him since prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their choosing. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976).

The plaintiff further seeks an order requiring all defendants to "sign something saying there will be no retaliation by them . . . ." (Doc. 28 at 4). The plaintiff's

request that the defendants be enjoined from retaliating against him would amount to a broad instruction to the defendants to obey the law. Rule 65(d) of the *Federal Rules of Civil Procedure* requires that requests for an injunction must be specific; an injunction which merely orders a defendant to obey the law is unenforceable. *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999).

Based on the foregoing, the plaintiff has not demonstrated a substantial likelihood of success on the merits or that he will suffer irreparable injury unless the injunction is issued. Therefore, the plaintiff's motions for preliminary injunction are due to be denied.

## RECOMMENDATION

For all of the foregoing reasons, the undersigned **RECOMMENDS** the plaintiff's motions for preliminary injunction be **DENIED**. (Docs. 22, 28). The undersigned **FURTHER RECOMMENDS** this matter be **REFERRED** to the undersigned for additional proceedings.

## NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered. Objections should specifically identify all findings of fact and recommendations to

which objection is made and the specific basis for objection. Failure to object to factual findings will bar later review of those findings, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013). Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address. Objections should not contain new allegations, present additional evidence, or repeat legal arguments. An objecting party must serve a copy of its objections on each other party to this action.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge. The district judge must conduct a hearing if required by law. Otherwise, the district judge may exercise discretion to conduct a hearing or otherwise receive additional evidence. Alternately, the district judge may consider the record developed before the magistrate judge, making an independent determination on the basis of that record. The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

A party may not appeal the magistrate judge's report and recommendation

directly to the United States Court of Appeals for the Eleventh Circuit.  A party may only appeal from a final judgment entered by a district judge.

**DONE** this 6th day of July, 2017.

_____
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE